UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ANTHONY MAHONEY,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-1-13

                 Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

                 Defendants.
-------------------------------------------------------------x

12 Civ. 6717 (PKC) (KNF)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

Despite ample time and clear warning of the consequences, plaintiff, who is proceeding pro se, has failed to appear at two court-ordered initial pretrial conferences. Defendant has moved to dismiss for failure to prosecute, pursuant to Rule 41(b), Fed. R. Civ. P., and plaintiff has not responded to the motion. For the reasons stated below, the motion is granted.

I. BACKGROUND

The initial pretrial conference in this case was held on June 19, 2013. At the conference, counsel to the defendant attended, but the plaintiff did not. (Docket No. 21) Accordingly, the conference was rescheduled for July 2, 2013. At that time, an order was issued warning plaintiff that failure to attend the rescheduled conference may result in the dismissal of his complaint. (Id.) The Order was mailed by the Clerk and was not returned as undeliverable. (Docket No. 24) Plaintiff did not appear at the second conference on July 2, 2013. (Docket No. 25) On August 2, 2013, defendant moved to dismiss plaintiff's complaint for failure to prosecute, pursuant to Rule 41(b), Fed. R. Civ. P. (Docket No. 23)

II. ANALYSIS

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b), Fed. R. Civ. P. Dismissal under Rule 41(b), however, is "a 'harsh remedy' that should 'be utilized only in extreme situations.'" Lewis v. Rawson, 564 F.3d 569, 575–76 (2d Cir. 2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). Furthermore, where the failure to prosecute is by a pro se litigant, "[d]istrict courts should be especially hesitant to dismiss for procedural deficiencies" and should only dismiss "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

In weighing dismissal as a remedy, the Court should consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion . . . carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). "[N]one of the five factors is separately dispositive . . . ." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). The Court considers each factor in turn.

1. Delay

Plaintiff failed to appear at the initial pretrial conference. He then failed to comply with Magistrate Judge Fox's Order, dated June 20, 2013, which required plaintiff to appear at a second, rescheduled conference. (Docket No. 21; Docket No. 25) Plaintiff's unexplained and, therefore, unjustified absence has delayed the course of litigation because the

Magistrate Judge is unable to fashion a discovery schedule tailored to the needs of the case. See, e.g, Edwards v. Horn, No. 10 Civ. 6194 (RJS) (JLC), 2012 WL 1292672, at *2 (S.D.N.Y. Apr. 13, 2012) (noting that multiple failures to attend a pretrial conference resulted in delays), adopted, 2012 WL 1592196 (S.D.N.Y. May 4, 2012). The record makes plain that plaintiff has done little, if anything to advance this litigation since the time of its filing over one year ago. The considerable delay caused by plaintiff weighs in favor of dismissal.

2. Notice

The Magistrate Judge's June 20, 2013 Order expressly warned Mr. Mahoney that the claims in his complaint may be dismissed without a trial if he did not attend the July 2, 2013 conference. (Docket No. 21) Plaintiff did not respond. He made no submission to the Court, nor did he take other curative action.

The Court concludes that plaintiff received meaningful, non-technical notice that the consequences of his failure to attend the pretrial conference would be that he may be exposed to sanctions, including the dismissal of his complaint. See Lucas, 84 F.3d at 535 ("A warning to a pro se litigant must be . . . specific before it will constitute a warning for the purpose of this analysis.").

3. Prejudice to Defendants

Prejudice to defendants from the delay in an action against them for money damages can be difficult to assess, although it may be presumed when there is an unreasonable delay. LeSane, 239 F.3d at 210. However, prejudice is less likely when there is no indication that evidence may be lost or discovery would be made more difficult as a consequence of the delay. See Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986). Here, there is no indication in the record that plaintiff's delay caused prejudice to the defendant.

Based upon the foregoing, the Court concludes that this factor weighs slightly in favor of dismissal.

4. <u>Need to Alleviate Calendar Congestion Balanced with Plaintiff's Rights</u>

Plaintiff has a right to his day in Court. That right is qualified by his obligation to comply with the Federal Rules of Civil Procedure and lawful Court orders. The Court notes that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." <u>Lucas</u>, 84 F.3d at 535–36. Compliance with the particular Order at issue here is probably not necessary to "alleviate court calendar congestion . . . ." <u>Drake</u>, 375 F.3d at 254. But, noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner. Further, the Magistrate Judge's June 19, 2013 Order expressly provided plaintiff additional opportunity to appear at the pretrial conference. See <u>Ruzsa v. Rubenstein & Sendy Att'ys at Law</u>, 520 F.3d, 177–78 (2d Cir. 2008) ("[B]y delaying [*sua sponte*] dismissal for twenty days and thereby affording Ruzsa ample time to inform the Court that he stood ready to press his claims, 'the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court.'"). Nevertheless, in the overall management of its docket, the presence or absence of this action or the additional work that plaintiff's failure has or would entail would have an immaterial impact on "calendar congestion." Because of plaintiff's non-compliance and inaction, the case would simply languish. Its continued presence on the docket, if and to the extent known, would promote disrespect for the Court's case management authority.

5. <u>Efficacy of Lesser Sanctions</u>

The Court has considered the efficacy of sanctions less than dismissal and has concluded that they are inadequate. The plaintiff was expressly warned that the consequence of his failure to respond to the motion to dismiss for failure to prosecute may be dismissal. There is no reason to believe that a lesser sanction would be effective in this particular case, where substantially all communications to plaintiff from the Magistrate Judge, as well as counsel for the defense, have gone ignored. See id. at 178 (considering plaintiff's failure to respond to court notice threatening dismissal). Throughout this litigation, plaintiff had ample opportunity to appear at the scheduled pretrial conferences, or object to the Magistrate Judge's scheduling orders. Instead, plaintiff did not act.

The Court affords plaintiff special consideration as a <u>pro se</u> litigant. But a plaintiff's <u>pro se</u> status should not explain or excuse disregard for or abandonment of his own lawsuit after the initial filing and service of process. Of course, in certain cases it may be appropriate for the Court to overlook a <u>pro se</u>'s failure to substantially comply with court orders or the Federal Rules of Civil Procedure. Here, plaintiff's noncompliance strongly suggests abandonment of the action.

## CONCLUSION

For the reasons stated herein, the motion to dismiss (Docket No. 23) is granted. The Clerk shall enter judgment for the defendant. Counsel for defendant is directed to supply plaintiff with copies of all unreported decisions cited herein.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 30, 2013